**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

**DAVID LEE JONES**                                                              **PETITIONER**

VS.                **CASE NO.: 5:15CV00038 BRW/BD**

**WENDY KELLEY, Director,**
**Arkansas Department of Correction**                           **RESPONDENT**

## RECOMMENDED DISPOSITION

**I.**  **Procedure for Filing Objections**

The following Recommended Disposition ("Recommendation") has been sent to United States District Court Judge Bill Wilson. Mr. Jones – or any party – may file written objections with the Clerk of Court within fourteen (14) days of filing of this Recommendation. Objections must be specific and must include the factual or legal basis for the objection. An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

By not objecting, any right to appeal questions of fact may be jeopardized. And, if no objections are filed, Judge Wilson can adopt this Recommendation without independently reviewing the record.

**II.**  **Background**

On June 9, 2009, Petitioner David Lee Jones entered guilty pleas to one count of robbery and one count of kidnapping. As a result of the convictions, the Pulaski County Circuit Court sentenced Mr. Jones to a 30-year term of imprisonment in the Arkansas Department of Correction. (#2, p. 2; #13-1)

Mr. Jones did not appeal his convictions or sentence. And he did not file any motions or petitions for collateral or postconviction relief. (#2, p. 2)

On February 3, 2015, Mr. Jones filed the pending petition for writ of habeas corpus. (#2) Respondent, Director Wendy Kelley, contends that the petition is time-barred. (#13) The Court gave Mr. Jones an opportunity to respond to the time-bar argument. (#14) Mr. Jones has now filed a response to the Court's order. (#15) For the reasons explained below, the Court will recommend that Judge Wilson DISMISS Mr. Jones's petition, with prejudice.

## III.   Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year limitations period for a state prisoner to commence a habeas corpus proceeding under 28 U.S.C. § 2254. 28 U.S.C. § 2244(d)(1). The limitations period begins to run from, "the date on which the judgement became final by the conclusion of direct review or the expiration of the time limit for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

When a petitioner has used the state appeals process, but has not sought direct review in the United States Supreme Court, the judgment is deemed final at the expiration of the time allowed to seek Supreme Court review – that is, ninety days after the conclusion of the petitioner's direct appeals in the state system. *King v. Hobbs*, 666 F.3d 1132, 1135 (8th Cir. 2012) (citations omitted). In a case such as this, where the petitioner entered a guilty plea and did not file a state appeal, the judgment becomes final thirty

days from the entry of the judgment, when the time to file a direct appeal expires. *Camacho v. Hobbs*, 774 F.3d 931 (8th Cir. 2015).

The Pulaski County Circuit Court entered Mr. Jones's judgment and commitment order on June 16, 2009. (#13-1)  Because Mr. Jones did not file a direct appeal, the one-year limitations period began to run no later than July 17, 2009, the day after his time to file a direct appeal expired.  Mr. Jones waited to file the pending petition until February 3, 2015 – more than five years after his conviction became final.  Thus, his claims are barred by the one-year statute of limitations unless the limitations period can be tolled.

    A.    *Statutory Tolling*

The time during which a properly filed application for State post-conviction or other collateral review is pending does not count toward the limitations period.  28 U.S.C. § 2244(d)(2).  Mr. Jones, however, never filed any post-conviction petitions in State court. (#2, p. 2)  Thus, Mr. Jones is not entitled to statutory tolling under 28 U.S.C. § 2244(d)(2).

In some circumstances, the one-year limitations period does not begin to run until the constitutional right asserted was initially recognized by the Supreme Court.  28 U.S.C. § 2244(d)(1)(C).  That exception, however, does not aid Mr. Jones's cause.  He does not raise this exception, and the Court is not aware of any recent decision that would open the door to statutory tolling in this case.

Mr. Jones cites recent Supreme Court decisions in arguing that he can establish cause for his procedural default. (#15) While that may well be true, the statute of limitations is the primary issue here, not procedural default. Thus, the newly recognized exception does not apply in this case.

Based on the undisputed facts, Mr. Jones is not entitled to statutory tolling. His claims are barred unless they can be saved by equitable tolling.

B.   *Equitable Tolling*

The statute of limitations set out in 28 U.S.C. § 2244(d) is subject to equitable tolling. *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010). A petitioner invoking equitable tolling, however, bears the burden of showing that he has been pursuing his rights diligently, but that some extraordinary circumstance stood in the way of a timely filing. *Id.* at 2562 (citing *Pace v. Diguglielmo*, 544 U.S. 408, 418 (2005)). While equitable tolling is a recognized exception to the one-year limitations period, it affords an "exceedingly narrow window of relief." *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001).

Mr. Jones has not argued for equitable tolling in either his petition or reply. (#2 and #15) Even if he had, equitable tolling is available only where a petitioner has demonstrated diligence in pursuing the matter. *United States v. Martin*, 408 F.3d 1089, 1095 (8th Cir. 2005). Mr. Jones has failed to provide a basis for the Court to find that he diligently pursued his rights. Accordingly, he is not entitled to equitable tolling.

C.   *Actual Innocence*

The Supreme Court of the United States has held that actual innocence, when proved, allows a petitioner to overcome expiration of the AEDPA's one-year limitation period. *McQuiggin v. Perkins*, __ U.S. __, 133 S. Ct. 1924, 1928 (2013). To make a threshold showing of actual innocence, however, a petitioner must show that, in light of new evidence, no reasonable jury would have found him guilty beyond a reasonable doubt. *Id*. (citations omitted). Even under *McQuiggin*, however, diligence and the timing of a petition are considerations in determining whether a petitioner has made a convincing showing of actual innocence. *Id*. at 1936.

In this case, Mr. Jones does not present an actual-innocence claim in either his petition or his reply. (#2 and #15) He admitted his guilt in open court during the plea proceeding. Accordingly, the record does not provide any basis for a finding of actual innocence.

### IV.   Certificate of Appealability

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability. Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court. The Court can issue a certificate of appealability only if Mr. Jones has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). Here, Mr. Jones has not provided any basis for issuing a certificate of appealability.

## V.     Conclusion

Mr. Jones's petition is time-barred.  For that reason, the Court recommends that Judge Wilson dismiss the pending petition for writ of habeas corpus, with prejudice.  And because there is no substantial showing that Mr. Jones was denied a constitutional right, the Court should decline to issue a certificate of appealability.

DATED this 20th day of April, 2015.

_____
UNITED STATES MAGISTRATE JUDGE